```
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

```
SHAWN DEVON BLACKMON,          )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:17CV46
                               )
SGT MICHAEL WOODS, et al.,     )
                               )
          Defendants.          )
```

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff filed a Complaint (Docket Entry 2), along with an Application for Leave to Proceed In Forma Pauperis (Docket Entry 1). The Court (per the undersigned United States Magistrate Judge) granted that Application, subject to certain conditions, including Plaintiff's submission, on or before March 27, 2017, of either a small, initial partial payment or a statement under penalty of perjury denying access to even that small amount. (Docket Entry 3 at 1-2.) That order warned Plaintiff that failure to comply with that deadline would result in the dismissal of this action. (See id. at 2.) Plaintiff has failed either to timely challenge that order via Federal Rule of Civil Procedure 72 or to timely comply. (See Docket Entries dated Jan. 24, 2017, to present.)[1]

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this

---

[1] Notably, Plaintiff submitted other materials to the Court during the intervening period, without including the small, initial partial payment, a statement under penalty of perjury denying access to such funds, or any objection to the order requiring such action. (See Docket Entry 4.)

authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. P. 41(b). In this case, [Plaintiff] failed to respond to a specific directive from the [C]ourt." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). As a result, the Court should dismiss this action.

In making that recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action for failure to comply with an order, a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion[;] and (iv) the existence of a sanction less drastic than dismissal." Id. Here, (i) no reason exists to doubt that Plaintiff bears responsibility for the non-compliance, (ii) Plaintiff's inaction prejudices Defendants' right to prompt disposition of this case, (iii) the Court gave Plaintiff a significant period to comply with the order, and (iv) no other sanction appears adequate.

As to the last of those considerations, the Court explicitly cautioned Plaintiff that a failure to comply would lead to dismissal. "In view of th[at] warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Id. at 96.

**IT IS THEREFORE RECOMMENDED** that the Court dismiss this action, pursuant to Federal Rule of Civil Procedure 41(b).

                                        /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                  **United States Magistrate Judge**

April 7, 2017